## PERCY WOODRUFF ET AL., APPELLANTS, v. TOWN OF WEST ORANGE, RESPONDENT.

Submitted March 27, 1922—Decided June 19, 1922.

1. The act of April 15th, 1919 (*Pamph. L., p.* 345), authorizing a refund to persons holding a license to sell intoxicating liquors when such sales shall be generally prohibited, does not apply to the period from June 30th, 1919, the date of the Wartime Prohibition act became effective, to January 16th, 1920, the date the eighteenth amendment to the United States constitution became effective, as the licenses during that period were not void but merely suspended.
2. The federal law is paramount to the state law, but is not exclusive of it.
3. The eighteenth amendment to the constitution and the Volstead act do not supersede state prohibitory statutes.
4. One holding a license to sell intoxicating liquor who did not surrender it, cannot recover a refund for the unexpired portion covered by the Federal Prohibition law under a municipal ordinance authorizing such recovery, as the act of April 15th, 1919 (*Pamph. L., p.* 345), requiring surrender of the license to entitle the holder to a refund was passed before the license was issued, and a municipal ordinance cannot override a statute.

On appeal from the Supreme Court.

For the appellants, *Arthur B. Seymour.*

For the respondent, *Borden D. Whiting.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.    This is a suit at law in the Supreme Court tried at the Essex Circuit, to recover a portion of the fees paid to the town of West Orange for licenses to sell alcoholic liquors in quantities less than one quart, for the period from April 30th, 1919, to May 1st, 1920. The term of a license and the fee therefor were both fixed by ordinance. The fee paid by each licensee was $650, and the portion demanded is a refund of $541.66 to each, for the period from June 30th, 1919, to May 1st, 1920, during which

plaintiffs-appellants were prevented from selling under their licenses by reason, first, of wartime prohibition, which went into effect June 30th, 1919, and second, by reason of the adoption of the eighteenth amendment to the federal constitution, which went into effect January 16th, 1920, and from thence until the expiration of their licenses, namely, May 1st, 1920.

On April 30th, 1919, when plaintiffs' applications were made, the board of excise of West Orange adopted a resolution that the town council reimburse applicants for saloon licenses for the unexpired terms, if the law of prohibition came into effect; and the town council thereafter adopted a resolution that refund of saloon licenses be made from June 30th, 1919. These resolutions, if valid, would entitle the plaintiffs-appellants to refund, not for the period or the amount which they seek, but from January 16th, 1920, when the eighteenth amendment to the federal constitution went into effect, on and after which their licenses became void; because, during the period from June 30th, 1919, to January 16th, 1920, when the licensees were prevented from selling by reason of wartime statutory prohibition, their licenses were not void, but only suspended, and the ban of the federal statutory prohibition might have been removed during that period, which would have enabled them to sell again. *Wilson* v. *Jersey City,* 94 *N. J. L.* 119. Federal law is paramount to state law, but is not exclusive of it. *Maroney* v. *LaBarre,* 77 *Id.* 556; *Wilson* v. *Jersey City, supra.* The eighteenth amendment and the Volstead act do not supersede state prohibitory statutes. *Vigliotti* v. *Pennsylvania, U. S. Adv. Ops.* 389. But the matter is regulated, not by the resolutions of the board of excise commissioners and the town council of West Orange, but by the act of the legislature approved April 15th, 1919 (*Pamph. L.,* p. 345), which took effect immediately and reads as follows:

"Whenever the sale of intoxicating liquors for beverage purposes shall be generally prohibited by law, any person holding a license to sell such liquors may surrender such license, and shall thereupon become entitled to a refund of

such portion of the license fee paid by him as the unexpired term thereof at the time of such surrender bears to the whole period for which such license shall have been granted."

It is to be observed that these resolutions for refund are unconditional, while a refund is provided by the statute only upon surrender of the license.

A by-law of a municipal corporation cannot override a statute. *Outwater* v. *Carlstadt*, 66 *N. J. L.* 510.

At the conclusion of the case counsel for defendant-respondent moved for a nonsuit on the ground that the ordinance under which the licenses in question were granted provided, among other things, that they shall continue in force until April 30th, 1920. The court granted the nonsuit upon that ground, namely, that the resolutions mentioned could not change the ordinance or the licenses issued under it, and, also, because there was no surrender of the licenses in accordance with the provision of the statute. The plaintiffs-appellants did not surrender their licenses. This being the situation, it is unnecessary to decide whether the terms of the ordinance and licenses granted thereunder could be modified by the resolutions above mentioned, as the statute, passed before the licenses issued and which was in force all the time they were outstanding, provided for refund only if they were surrendered. A condition precedent to entitle plaintiffs-appellants to recover not having been performed by them, they were rightly nonsuited in the Supreme Court, and its judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.